UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PABLO EDUARDO CHACON LABARCA,

Petitioner,

v.

JAMES BAUSCH, *in his official capacity as Acting Deputy Field Office Director, Buffalo field Office, U.S. Immigration & Customs Enforcement, et al.*,

Respondents.

1:26-CV-01266-MAV

**DECISION AND ORDER**

## INTRODUCTION

Petitioner, a citizen of Venezuela, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on June 18, 2026, seeking immediate release from Respondents' custody by which he has been detained since May 14, 2026. ECF No. 1 at 17[1]; ECF No. 5 at 9–10. Petitioner's May 14 arrest occurred more than four years after his prior parole pursuant to 8 U.S.C. § 1182(d) had automatically terminated. ECF No. 5 at 5. He argues immediate release is warranted because (1) 8 U.S.C. § 1226(a) applies to his detention, which requires a warrant to arrest, and no warrant was obtained; (2) Respondents' detention of Petitioner without any pre-deprivation process violated his due process rights; and (3) Respondents unlawfully terminated his parole by failing to provide written notice. ECF No. 1 at 13–17. The petition does not seek a bond hearing in the alternative, and in fact Petitioner was provided a bond

[1] Citations to the record reference the CM/ECF pagination from the top of each page.

hearing in immigration court upon his request on June 10, 2026—a fact which neither party discusses. *Id.* at 17–18; ECF No. 5 at 16–17.

For the following reasons, the petition is GRANTED, and Respondents shall release Petitioner from custody within 24 hours of this Decision and Order.

**BACKGROUND**

Petitioner entered the United States, and was apprehended by Border Patrol officials, on or about March 31, 2022. ECF No. 5 at 2–3. The same day, Petitioner was temporarily paroled into the country pursuant to 8 U.S.C. § 1182(d), with his term of parole expiring April 15, 2022. *Id.* at 4–5. More than four years later, on May 14, 2026, Respondents re-arrested Petitioner. *Id.* at 9. No arrest warrant was used, and there is no record of one having been generated, before or after the arrest. A Notice to Appear ("NTA") was generated and served on Petitioner on May 14. *Id.* at 12–14. The "Acting/Patrol Agent in Charge" did not identify on the NTA that Petitioner was an "arriving alien," but instead that he was "an alien present in the United States who has not been admitted or paroled." *Id.* at 12. On or about June 10, 2026, less than a month after his arrest, Petitioner received a bond hearing in immigration court upon his request. *Id.* at 16–17; *see* ECF No. 7-1. The immigration judge denied bond, stating that Petitioner "failed to meet his burden to establish that the high risk of flight he presents can be addressed by a monetary bond and/or conditions for release." ECF No. 5 at 16.

Approximately one week later, Petitioner filed the instant habeas petition. ECF No. 1. The petition did not disclose that Petitioner had very recently received a

bond hearing, nor did it make any argument as to whether or how the Court should consider that fact in evaluating the merits of the petition. As noted, Petitioner argued that he must be released from custody because Respondents arrested him without a warrant in violation of the Immigration and Nationality Act ("INA"), his arrest without any pre-deprivation process violated his due process rights, and Respondents failed to provide written notice that his parole was terminated. *Id.* at 13–17.

Respondents' initial, abbreviated return to the Order to Show Cause did not address any of Petitioner's arguments. ECF No. 4. It conceded that, given the Second Circuit's decision in *Barbosa Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026),[2] Respondents "respectfully acknowledge that *Barbosa Da Cunha* controls and would lead this Court to grant the petition" while maintaining that 8 U.S.C. § 1225(b) applies to Petitioner's detention and "reserving all rights, including the right to appeal." ECF No. 4 at 1, 2, 4. Respondents argued that the only appropriate remedy would be to grant Petitioner a bond hearing with the burden of proof on Petitioner – without acknowledging that Petitioner had received the same on June 10. *Id.* at 5–6.

The Court found that supplemental briefing was required because:

> Petitioner did not seek a bond hearing as an alternate form of relief in his petition, and his three claims for relief pertain exclusively to the alleged unlawfulness of Respondents' actions in arresting and detaining him at all. Further, although neither party mentions or discusses this fact, records provided by Respondents show that Petitioner had a bond hearing before an immigration judge on June 10, 2026, before he filed the instant petition. The Court also notes that the records submitted by

---

[2] In *Barbosa Da Cunha*, the Second Circuit affirmed that a petitioner who had been present in the country for a period of years and was not actively seeking lawful entry through inspection by an immigration officer was detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). *Barbosa Da Cunha*, 175 F.4th at 96. The petitioner at issue had not previously been paroled into the country under 8 U.S.C. § 1182(d). *See id.* at 70.

> Respondents do not include an arrest warrant (I-200) or a Notice of Custody Determination (I-286) associated with Petitioner's current detention.

ECF No. 6 (citations omitted). The Court limited the need for a supplemental return by Respondents to Counts I and II of the petition only. *Id.* In dismissing Count III, which alleged a violation of the Administrative Procedure Act for "failure to comply with regulatory mandate and *Accardi* doctrine," by terminating Petitioner's parole without written notice, ECF No. 1 at 16–17 (citing 8 C.F.R. § 212.5(e)(2)(i)), the Court held:

> The notice provision of § 212.5(e)(2)(i) does not apply to Petitioner's circumstances by the plain language of the regulations. 8 C.F.R. § 212.5(e)(1) provides, "[p]arole shall be <u>automatically terminated without written notice</u> (i) upon the departure from the United States of the alien, or, (ii) <u>if not departed, at the expiration of the time for which parole was authorized</u>, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that <u>no written notice shall be required</u>." (Emphases added.) Here, Petitioner's parole was authorized until April 15, 2022, ECF No. 5 at 5, at which point it "automatically terminated," and thus no additional written notice was required, 8 C.F.R. § 212.5(e)(1).

ECF No. 6.

Respondents filed a supplemental return on July 22, backtracking from its prior "acknowledge[ment]" that *Barbosa Da Cunha* "controls," to argue that Petitioner is detained pursuant to § 1225(b) and thus no warrant was required for his arrest and he has no due process rights to violate. ECF No. 7 at 2–8. Respondents did not engage in the alternative with the application of § 1226(a) to Petitioner's arrest and detention except to re-assert that the only appropriate remedy is to order a bond hearing with the burden on the Petitioner. *See id.* Respondents again did not mention

Petitioner's June 10 bond hearing or its potential impact on the instant petition. *See id.* Respondents did argue, however, that the Court does not have jurisdiction to consider Petitioner's warrantless-arrest claim because there is no private right of action under the INA. *See id.* at 2–4.

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus [under 28 U.S.C. § 2241] when a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Kapoor v. DeMarco*, 132 F.4th 595, 606 (2d Cir.) (quoting 28 U.S.C. § 2241(c)(3)), *cert. denied*, 146 S. Ct. 325 (2025). In habeas proceedings under § 2241, "the petitioner . . . bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

## DISCUSSION

### I. Section 1226(a) Applies to Petitioner

Petitioner was arrested and detained on May 14, 2026—over four years after his § 1182(d) parole into the United States automatically terminated. For the reasons set forth in the Court's Decision and Order in *De La Cruz v. Rhoney*, the Court finds that Petitioner was and is subject to 8 U.S.C. § 1226(a). No. 25-CV-6699-MAV, 2026 WL 891658 (W.D.N.Y. April 1, 2026) (holding that a petitioner who had been present in the country for a period of years following expiration of his § 1182(d) parole was detained pursuant to 8 U.S.C. § 1226(a) and was therefore entitled to a bond hearing

under existing federal regulations); *see Ivonin v. Rhoney*, No. 6:25-CV-06673-EAW, 2026 WL 199283, at *4 (W.D.N.Y. Jan. 26, 2026) ("[S]uggesting that [the petitioner] is still on the threshold of entry into this country, based on his re-entry into the United States through parole which expired over seven years ago, stretches the legal fiction' beyond reason."); *Cabrera Martinez v. Marich*, 816 F. Supp. 3d 356, 365–67 (W.D.N.Y. 2025) (finding the "legal fiction" inapplicable to a noncitizen who had been residing in the United States for seven months following expiration of parole at the time detention); *Campbell v. Almodovar*, No. 1:25-cv-09509 (JLR), 2025 WL 3538351, at *8 (S.D.N.Y. Dec. 10, 2025) (same as to a noncitizen who had been living in the United States for years following expiration of parole); *see also Barbosa Da Cunha*, 175 F.4th at 96.

Accordingly, much of Respondents' supplemental return is inapposite.

## II. Count I – Warrantless Arrest in Violation of the INA

### *A. Jurisdiction*

28 U.S.C. § 2241(c)(3) authorizes federal courts to grant habeas relief to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." Federal courts retain jurisdiction under § 2241 to review purely legal statutory and constitutional claims regarding the government's detention authority, but jurisdiction does not extend to "discretionary judgment," "action," or "decision" by the Attorney General with respect to either detention or removal. *Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575, at *1

(W.D.N.Y. Nov. 25, 2025), *aff'd sub nom. Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)).

Respondents articulate a jurisdictional challenge with respect to Count I only, in which Petitioner requests immediate release because his arrest without a warrant violated the INA.[3] ECF No. 7 at 4–5. Respondents assert that, because the INA creates neither a private cause of action nor a federally protected right, Count I must be dismissed for lack of subject matter jurisdiction. *Id.* (citing *Vazques v. Garland*, No. 1:21-CV-00477 EAW, 2022 WL 2467655, at *5 (W.D.N.Y. July 6, 2022); *Velez Funes v. Garland*, No. 20-CV-883 (JLS), 2021 WL 2515659, at *9 (W.D.N.Y. June 18, 2021); *Farag v. U.S. Citizenship & Immigr. Servs.*, 531 F. Supp. 2d 602, 606–07 (S.D.N.Y. 2008); *Jaskiewicz v. U.S. Dep't of Homeland Sec.*, No. 06 Civ. 3770(DLC), 2006 WL 3431191, at *4 (S.D.N.Y. Nov. 29, 2006); *Huli v. Way*, 393 F. Supp. 2d 266, 270 (S.D.N.Y. 2005)).

The Court is not persuaded that it lacks jurisdiction over Count I of the petition especially given the enormity of case law generated across the country within the last year and a half, deciding, *inter alia*, whether the government is holding civil immigration detainees in custody in violation of the Immigration and Nationality Act. *See, e.g.*, *Barbosa da Cunha*, 175 F.4th at 70, 96 (holding § 1226(a), not § 1225(b), applied to petitioner's detention where the petition argued "that his putative

[3] Respondents' initial return states that they "re-raise any and all jurisdictional defenses to this Petition, including that the [INA] strips this Court or jurisdiction over the claims raised, pursuant to 8 U.S.C. § 1252." ECF No. 4 at 3. However, Respondents had not previously raised any specific jurisdictional defenses in this matter that this statement could attempt to "re-raise," and the Court declines to analyze any and all hypothetical arguments that could potentially be raised under § 1252.

detention under Section 1225(b)(2)(A) violated Section 1226, its associated regulations, and the Fifth Amendment's Due Process Clause," and the Second Circuit viewed the "sole question presented by [the] appeal" as "whether Section 1226(a) or Section 1225(b) governs Petitioner's detention," to accordingly decide whether petitioner was entitled to a bond hearing under the INA); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 159 (2d Cir. 2008) (noting that neither treaty challenged in the § 2241 petition was "self-executing" and therefore petitioner could only seek to enforce the rights "contained in [the treaties'] implementing statutes and regulations (*i.e., the INA*)." (emphasis added)). The parties here have teed up the same type of inquiry recently considered and decided by the Second Circuit – whether § 1226(a) or § 1225(b) applies to Petitioner to determine whether he is lawfully in custody. *See* ECF No. 1 at 6–7, 9–14; ECF No. 7 at 3–4 (arguing § 1225(b) applies to Petitioner, which does not require a warrant to arrest).

***B. Merits***

Petitioner seeks immediate release from custody because he was arrested without a warrant as required by 8 U.S.C. § 1226(a), which states in relevant part: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Petitioner is of course correct that § 1226(a) plainly requires the issuance of a warrant to arrest. There is no dispute here that Respondents arrested Petitioner without a warrant, and there is no arrest warrant, or a Notice of Custody Determination, in the record at all.

There are exceptions to the warrant requirement in § 1226(a), however. 8 U.S.C. § 1357(a)(2) "provides ICE with limited authority to conduct warrantless arrests." *Vansh Last Name Unknown v. Ball, et al.*, No. 26-CV-1249-LJV, 2026 WL 2096666, at *2 (W.D.N.Y. July 21, 2026) (quotation omitted). Under that provision of the INA,

> [a]ny officer or employee . . . authorized under regulations prescribed by the Attorney General . . . ha[s the] power without warrant...to arrest any [noncitizen] in the United States, if he has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest.

8 U.S.C. 1357(a)(2). 8 C.F.R. § 287.8(c)(2) echoes these two requirements for conducting a warrantless arrest of a noncitizen under § 1357(a)(2). It provides:

> (i) An arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is [a noncitizen] illegally in the United States.
>
> (ii) A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.

8 C.F.R. § 287.8(c)(2)(i)–(ii). "Therefore, based both on the statute and on the regulations, to lawfully arrest a noncitizen who falls under section 1226(a) without a warrant, the arresting official must have reason to believe that the noncitizen is (1) present in the United States illegally and (2) likely to escape before a warrant can be obtained." *Vansh*, 2026 WL 2096666, at *2 (citing 8 U.S.C. § 1226(a); 8 U.S.C. § 1357(a); 8 C.F.R. § 287.8(c)(2)).

Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5).

As noted, Respondents' supplemental return does not engage with the application of § 1226(a) to Petitioner's arrest and detention except to re-assert that the only appropriate remedy is to order a bond hearing with the burden on the Petitioner. *See* ECF No. 7 at 2–8. This is the case despite the Court's explicit references in its Order directing Respondents to file a supplemental return to: its *De La Cruz* decision, holding that § 1226(a) applied to a petitioner in virtually identical factual circumstances to Petitioner here; the lack of an I-200 arrest warrant and an I-286 Notice of Custody Determination in the record; and the fact that Petitioner already received a bond hearing in immigration court. ECF No. 6. Section 1357(a)'s warrant exceptions are not discussed by Respondents at all.

The petition clearly notifies Respondents that Petitioner seeks immediate release on the grounds that § 1226(a) applies to his arrest and detention because an element of that statute—namely its warrant requirement—was not satisfied. *See* ECF No. 9–10, 13–14. *Cf. Barbosa da Cunha*, 175 F.4th at 73–78 (considering and ruling on whether petitioner satisfied 8 U.S.C. § 1225(b)(2)'s requirement that a

noncitizen be "seeking admission"). The petition does not preemptively allege that no exception to § 1226(a)'s warrant requirement applies, nor did it need to. The Court finds that the invocation of § 1357(a)'s warrant exceptions are akin to affirmative defenses and, thus, that Respondents have the burden of raising and establishing their applicability.

The Supreme Court, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases, all acknowledge the applicability of affirmative defenses to civil habeas cases. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party *must* affirmatively state any avoidance or affirmative defense." (emphasis added)); Rule 5 of the Rules Governing Section 2254 Proceedings (discussing answers to habeas petitions, including that "[t]he answer *must* address the allegations in the petition. In addition, it *must* state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non- retroactivity, or a statute of limitations." (emphases added)); *see also* Rule 1(b) of the Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Day v. McDonough*, 547 U.S. 198, 199 (2006) (holding a district court may but is not required to *sua sponte* identify untimeliness as an affirmative defenses to a petition for a writ of habeas corpus, stating, "[t]his resolution aligns the statute of limitations with other affirmative defenses to habeas petitions, notably exhaustion of state remedies, procedural default, and nonretroactivity."). Affirmative defenses are descendants of the common law plea of "confession and avoidance," which "permitted a defendant who was willing

to admit that the plaintiff's declaration demonstrated a *prima facie* case to then go on and allege additional new material." 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1270 (3d ed. 1998). In other words, an affirmative defense introduces new facts or arguments that defeat the request for relief even if the pleading party's core claims are true. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 349 (2d Cir. 2003).

Similar to the function of an affirmative defense, proof that satisfies an exception to § 1226(a)'s warrant requirement, *see* 8 U.S.C. § 1357(a), would essentially avoid or bypass Petitioner's initial allegations that he is entitled to immediate release due to the lack of a warrant effectuating his arrest, and Respondents will generally be in the best position to prove facts relevant to the applicability of an exception. *Compare Rea v. Ball, et al.*, No. 9:26-CV-01248 (AMN), 2026 WL 1959270, at *2 (N.D.N.Y. July 2, 2026) ("Respondents further contend that even if Petitioner's detention is governed under Section 1226(a), an individual custody determination was not necessary in this case because Respondents possessed independent statutory authority under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(i) to lawfully detain Petitioner without a warrant . . . ."), *with Escalante v. Venturella, et al.*, No. 26-CV-01657-PAB, 2026 WL 1745528, at *2 (D. Colo. June 17, 2026) ("Respondents have failed to provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. Respondents have failed to show that they had reason to believe that, at the time of petitioner's arrest, petitioner was present in the United States in violation of the law and that he

was likely to escape before a warrant could be obtained. There is no indication that petitioner committed an offense in the presence of immigration officials and that there was a likelihood of petitioner's escape before a warrant could be obtained. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner." (citations omitted)); *Cf. Pena v. United States*, No. 5:23-cv-3117, 2024 WL 510746, at *3 n.12 (E.D. Pa. Dec. 19, 2024) (discussing the government's burden to prove certain exceptions to the Federal Tort Claims Act, likening the exceptions to affirmative defenses).

Respondents have failed to provide any argument or set forth any evidence indicating that Petitioner's warrantless arrest was proper under § 1357(a). Without a warrant to satisfy § 1226(a) or valid authority to conduct a warrantless arrest, Respondents lacked statutory authority to arrest Petitioner. The Court grants Count I of the petition to the extent that Respondents must release Petitioner from custody within 24 hours of the Decision and Order. *See Escalante*, 2026 WL 1745528, at *2 ("Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release." (collecting cases)).

## III. Count II – Violation of Procedural Due Process

Given the Court's ruling as to Count I, the Count declines to reach Count II of the petition.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is entitled to release from custody. Respondents have proffered to the undersigned and other judges in this district that, at least locally, the Second Circuit's decision in *Barbosa da Cunha* is being applied to the arrest and detention of noncitizens and, in this case specifically, Respondents initially conceded that *Barbosa da Cunha* was controlling. ECF No. 4. Yet Petitioner has been in civil immigration detention since May 14, 2026, and there is still no I-268 Notice of Custody Determination in the record, no I-200 arrest warrant was ever issued, and, concerningly, Respondents later backtracked to contend that the lack of such records is justified because Petitioner is subject to 8 U.S.C. § 1225(b) despite overwhelming case law to the contrary. ECF No. 7.

Not only is the record clear that no I-200 arrest warrant was ever issued as to Petitioner, Respondents have failed to make any argument that an exception under 8 U.S.C. § 1357(a) applied to authorize Petitioner's warrantless arrest despite clear notice in the petition and the Court's Order directing Respondents to file a supplemental return and despite the opportunity to supplement their return. *See Day*, 547 U.S. at 209–10 ("We stress that a district court is not required to doublecheck the [government's] math."). Due to the clear absence of any warrant here and Respondents' failure to meet their burden of raising and establishing an exception to the warrant requirement of § 1226(a), the Court finds that Respondents did not have any statutory authority to arrest or detain Petitioner on May 14, and thus that Petitioner must be released.

Because Respondents did not have proper authority to arrest Petitioner, Respondents do not have any attending authority at this stage to impose conditions on Petitioner's release. Upon Petitioner's release, Respondents shall return to Petitioner all of his seized personal property should any exist.

**ORDER**

IT IS HEREBY ORDERED that the petition for writ of habeas corpus, ECF No. 1, is GRANTED to the extent that Respondents shall release Petitioner from custody and return Petitioner's seized property to him; and it is further

ORDERED that Respondents RELEASE Petitioner from custody with 24 hours of this Decision and Order; and it is further

ORDERED that, upon Petitioner's release, Respondents shall return to Petitioner all of his seized personal property should any exist; and it is further

ORDERED that Respondents shall file a letter by Monday, August 17, 2026, confirming compliance with this Decision and Order.

SO ORDERED.

Dated: August 14, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge